UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ERIE INDEMNITY COMPANY, *et al.* :
: CASE NO. 1:10-CV-02899
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 20]
KEURIG, INC., *et al.* :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this products liability case, Defendant Simatelex Manufactory Co., Ltd. ("Simatelex") files a motion dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Doc. 20.] The Plaintiffs, Erie Indemnity Company and Milton and Victoria Burns, oppose the motion. [Doc. 40.] Defendant Simatelex replied. [Doc. 41.] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Simatelex's motion to dismiss.

**I. Background**

On December 22, 2010, the Plaintiffs initially sued Keurig, Inc. ("Keurig"). [Doc. 1.] The Plaintiffs brought claims for strict products liability under the Ohio Revised Code Section 2307.71 ("Ohio Products Liability Act") and common law negligence, alleging that a February 19, 2009 fire in the Burns' home was caused by a Keurig B50 coffee maker. [*Id.*] At first, the Plaintiffs apparently believed that Keurig was solely responsible for the design, manufacture, assembly and

Case No. 1:10-CV-02899
Gwin, J.

supply of the coffee maker. [*Id.* at 4-5.] Further investigation by the Plaintiffs, however, revealed that Defendant Simatelex – a Hong Kong manufacturer – was likely involved in manufacturing the coffee maker. [Doc. 40-1 at 2.] On March 1, 2011, the Plaintiffs filed an amended complaint adding Simatelex as a defendant and making claims of strict products liability under the OPLA and common law negligence against both Defendants Keurig and Simatelex. [Doc. 8.] On March 7, 2011, Hong Kong authorities received Erie's international service request, which was made under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), and on April 28, 2011, Simatelex was served with the amended complaint. [Doc. 40-1 at 3.]

Defendant Simatelex now files a motion to dismiss under Rule 12(b)(6), saying: (1) that the Plaintiffs' common law negligent design claim is abrogated by OPLA; and (2) that both claims asserted against it are barred by Ohio's two-year personal injury and property damage statute of limitations. [Doc. 20.] The parties agree that the applicable statute of limitations period for both claims is two years and that the limitations period ran on February 19, 2011 – approximately two weeks prior to the Plaintiffs amending the complaint to add Simatelex as a Defendant. [Doc. 20; Doc. 40; Doc. 41.] However, the Plaintiffs argue that their failure to name Simatelex within the statute of limitations period was a "mistake" under Federal Rule of Civil Procedure 15(c)(1)(C) and that the claims brought against Simatelex should "relate back" to the date of the filing of the original complaint. [Doc. 40.]

**II. Analysis**

*II.A Relation Back of the Claims Against Simatelex*

An amendment that has the effect of changing a party is controlled by Federal Rule of Civil

-2-

Case No. 1:10-CV-02899
Gwin, J.

Procedure 15(c)(1)(C). *Jackson v. Herrington*, 393 F. App'x 348, 352 (6th Cir. 2010).[1/] If the amendment is filed after the statute of limitation period has run, it will only relate back to the date of the filing of the initial complaint if three requirements are met. *Id.* at 352; Fed. R. Civ. P. 15(c). First, the claims raised against the new party must arise from the same transaction as the claims in the original complaint. Fed. R. Civ. P. 15(c)(1)(B). Second, the new party must not now be prejudiced by having to defend the suit. Fed. R. Civ. P. 15(c)(1)(C)(i). And third, the new party must have had actual or constructive knowledge that it would have been a defendant in the action "but for a mistake concerning the proper party's identity" within the time for service set out in Rule 4(m). Fed. R. Civ. P. 15(c)(1)(C)(ii). Only the final element – mistake – is at issue here, since the claims against Simatelex are essentially identical to those earlier raised against Keurig and because there is little risk of prejudice to Simatelex since this action remains at an early stage.

First, the Court must decide whether the addition of a new party is a "mistake" within the meaning of Rule 15(c)(1)(C)(ii). The extent to which an amendment to the complaint that adds a new party will relate back is an unresolved issue in this Circuit since the Supreme Court's decision in *Krupski v. Costa Crociere, S.p.A.* 130 S. Ct. 2485, 2496-97 (2010). Prior to the *Krupski* decision, the Sixth Circuit held that when an amendment to a complaint adds a new party who will be jointly liable with the original party – as opposed to an amendment that substitutes a party – the amendment will not relate back. *See, e.g.*, *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010). In these cases, the Sixth Circuit interpreted the term "mistake" narrowly as only applying to corrections or misnomers. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

---

[1/] A federal court sitting in diversity applies state statutes of limitation, but federal relation back rules. *Ragan v. Merchs. Transfer & Warehouse Co.*, 337 U.S. 530, 532-34 (1949); *Moore v. Tenn.*, 267 F. App'x 450, 455 and nn. 8-9 (6th Cir. 2008).

Case No. 1:10-CV-02899
Gwin, J.

In forming this rule, the Sixth Circuit found that a lack of knowledge "pertaining to an intended defendant's identity [is] not . . . a mistake concerning the party's identity within the meaning of Rule 15(c)," *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Thus, under the prior Sixth Circuit rule, the amendment of Simatelex as a new party would not have been permitted.

More recently, in *Krupski*, the Supreme Court clarified the operation of Rule 15(c)(1)(C) in cases in which a plaintiff sues the wrong defendant and seeks to amend the complaint after the statute of limitations period had run. The plaintiff in *Krupski* was injured on a cruise and sued for damages. *Krupski*, 130 S. Ct. at 2490. The plaintiff had purchased the cruise ticket from "Costa Cruise Lines, N.V.," which is the sales agent for and a separate legal entity from the cruise line, "Costa Crociere S.p.A.." *Id.* at 2490. The plaintiff mistakenly named Costa Cruise Lines as the defendant in her personal injury suit; after the statute of limitations period had run, Costa Cruise Lines moved for summary judgment on the grounds that it was not the proper party since it was only the sales agent. *Id.* at 2490-91. The plaintiff then sought to amend her complaint to identify Costa Crociere as the defendant. *Id.* at 2491-92.

In reversing the lower court's ruling and allowing the amendment, the Supreme Court broadly defined a "mistake" an "an error, misconception, or misunderstanding; an erroneous belief." *Id.* at 2494. As an example of a mistake that would potentially allow for relation-back, the Supreme Court describes a plaintiff who sues party A, rather than party B, because of a misunderstanding regarding the roles that the potential defendants played in the transaction giving rise to the claim. *Id.* at 2494. In giving this example, the Supreme Court did not limit the meaning of mistake to only misnomers or corrections, as had the Sixth Circuit, but instead broadly viewed Rule 15(c)(1)(C) as

-4-

Case No. 1:10-CV-02899
Gwin, J.

covering any error that caused a plaintiff to sue one party, while in reality, actually intending to sue another. *Id.* at 2494.[2/]

Although recognizing some tension between its earlier case law on Rule 15(c)(1)(C) and *Krupski*, the Sixth Circuit has not squarely revisited the line of cases that found Rule 15(c)(1)(C) does not allow the addition of new parties. *See Freese v. Cont'l Airlines, Inc.*, 412 F. App'x 770, 771 (6th Cir. 2011); *Jackson*, 393 F. App'x at 354. Several district courts in this Circuit have considered the interaction of *Krupski* and this earlier case law, and they have concluded that a lack of knowledge regarding additional parties is not the type of mistake that would allow for relation back under Rule 15(c)(1)(C). *See, e.g.*, *McKinney v. Laird*, 2011 WL 2457650, at *4 (W.D. Ky. June 16, 2011); *DeBois v. Pickoff*, 2011 WL 1233665, at *11 (S.D. Ohio Mar. 28, 2011); *In re U.S. Ins. Grp.*, 441 B.R. 294, 297-98 (Bankr. E.D. Tenn. 2010); *Venezia v. 12th & Fiv. Props. LLC*, 2010 WL 3122787, at *1 (M.D. Tenn. Aug. 6, 2010); *Wilson v. Delta Airlines, Inc.*, 2010 WL 2836326, at *3-4 (W.D. Tenn. Jul. 19, 2010). These decisions reaffirmed the prior Sixth Circuit case law and have denied motions to amend that would add new parties.

The Court now finds that these decisions read *Krupski* in an unduly narrow fashion. Although *Krupski* does not expressly resolve whether Rule 15(c)(1)(C) allows for the addition of new parties,

---

[2/] The Supreme Court in *Krupski* writes:

> That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant – call him party A– exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.

*Krupski*, 130 S. Ct. at 2494.

Case No. 1:10-CV-02899
Gwin, J.

the Court believes that a better reading of that decision views it as abrogating the prior Sixth Circuit rule that categorically barred addition of new parties under Rule 15(c). *Asher*, 596 F.3d at 318-19; *Moore*, 267 F. App'x at 455. As the Supreme Court makes clear, a "mistake" under Rule 15(c)(1)(C) includes a "mistake concerning the proper party's identity," which could logically include both mistakes that merely substitutes a party and those that add new parties. *See Abdell v. City of New York*, 759 F. Supp. 2d 450, 454-55 (S.D.N.Y. 2010) (allowing relation back to add new party and specifically noting that the Sixth Circuit case law takes too narrow a view of *Krupski*); *see also Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011) (noting that under *Krupski* that Rule 15(c) allows for the substitution or addition of parties); *Tapp v. Shaw Envt'l, Inc.*, 401 F. App'x 930, 933-34 (5th Cir. 2010) (allowing relation back as to new defendant); *Penrod v. Wansack*, 2011 WL 2143028 (S.D. Ohio Apr. 4, 2011), *adopted by* 2011 WL 2142963 (S.D. Ohio. May 31, 2011) (allowing for the addition of a new party under Rule 15(c)(1)(C)).

Here, the Plaintiffs intended to sue the party who "designed and manufactured" the Keurig B50 coffee maker. [Doc. 1 at 3-4.] Believing that Keurig designed and manufactured its own coffee makers, the Plaintiffs originally only named Keurig. [Doc. 40 at 3-4.] However, once the Plaintiffs learned they may have misidentified the manufacturer of the coffee maker, they sought to amend the complaint to also assert claims against Simatelex. [Doc. 8.] The Plaintiff logically did not simply substitute Simatelex because it made independent, and distinct, claims against Keurig. The Court finds that under *Krupski* this is a mistake allowing for relation back, since it was a mistake regarding the proper identity of the party who may have been responsible for the alleged manufacturing and design defects. Indeed, as the Supreme Court explained, "the purpose of relation back [is] to balance the interests of the defendant protected by the statute of limitations with the preference

-6-

Case No. 1:10-CV-02899
Gwin, J.

expressed in the federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 130 S. Ct. at 2488.

Having decided that the Plaintiffs' failure to name Simatelex in the original complaint is a mistake for purposes of relation back, the Court must decide if Simatelex "knew or should have known, absent some mistake, [that] the action would have been brought against [it]" within the time period set forth in Rule 4(m). Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m). After *Krupski*, the focus of the Rule 15(c) inquiry is on the potential defendant's reasonable beliefs regarding whether a plaintiff failed to name him because of a mistake. *Krupski*, 130 S. Ct. at 2493 ("Rule 15(c)(l)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint."). Although it is not clear when Simatelex first received notice of the filing of the original complaint, it is clear that Simatelex received actual notice of the lawsuit within the proper period for foreign service of process. Thus, Simatelex knew within the proper time period that it would have been originally sued in the action "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

Under Rule 4(m), a Defendant must normally be served within "120 days after the complaint is filed," except for "good cause" or where the service is made in a foreign country under Rule 4(f) or 4(j). Fed. R. Civ. P. 4(m). Under Rule 4(f) – which applies here – service on an individual[3] in a foreign country may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention]." Fed. R. Civ. P. 4(f). The Plaintiffs served the complaint on Defendant Simatelex under the procedures set forth in the

---

[3] Under Rule 4(h), a corporation "at a place not within any judicial district of the United States [should be served] in any manner prescribed by Rule 4(f) for serving an individual . . ." Fed. R. Civ. P. 4(h).

-7-

Case No. 1:10-CV-02899
Gwin, J.

Hague Convention. [Doc. 40 at 7.]4/ Unlike Rule 4(m), Rule 4(f) does not specify an exact time period under which service is timely. Instead, recognizing the complexities and delay associated with foreign service, the Rule leaves the applicable time period open-ended. *See Lucas v. Natoli, 936 F.2d 432, 432–33 (9th Cir.1991); Beightler v. Produkte Fur Die Medizin AG, 2008 WL 4160589, at \*4 (N.D. Ohio Aug. 28, 2009).*

The Plaintiffs filed the original complaint on December 22, 2010. [Doc. 1.] The Hong Kong Central Authority received the application for service of the amended complaint on March 7, 2011, and the amended complaint was served on Defendant Simatelex on April 28, 2011. [Doc. 40-1.] From the filing of the original complaint, Simatelex was served on the 127th day – only seven days longer that the time period that is permissible for serving non-foreign defendants under Rule 4(m). Given that the Plaintiffs acted diligently in ensuring that the amended complaint was served on Simatelex, and that the amended complaint was nearly served within the Rule 4(m) period for *domestic* service, the Court finds that Simatelex had actual notice of the lawsuit within the applicable time for foreign service of process. *See Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009)* (no fewer than 120 days should be allowed for foreign service because of its complexity and likely delay); *Nylok Corp. v. Fastener World, Inc., 396 F.3d 805, 807 (7th Cir. 2005)* ("The explicit language of rule 4(m) makes it very clear that the 120-day limit is inapplicable in cases involving

---

4/ The Hague Convention's provisions authorize service on a defendant in a foreign jurisdiction by providing a set of guidelines that contracting states must follow. *See* Hague Convention, Nov. 15, 1965, 20 U.S.T. 361. Service according to the terms of the Hague Convention was appropriate in this case because: (1) the United States and Hong Kong are both parties to the Convention, (2) the United States's procedural law dictates that foreign entities be served abroad and (3) there is no domestic agent for service of process. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988). Under the Hague Convention, service is effectuated by forwarding the summons and complaint to the "Central Authority" in the country where service is to be made. Hague Convention arts. 2-5. The Central Authority is then responsible for attempting service on the party. *Id.* at arts. 3-5. Here, service was effectuated on April 28, 2011 by a local bailiff and the Defendants do not object to the method of service. [Doc. 40-1.] Rather, the only issue is whether the service was timely for purposes of Rule 15(c)(1)(C).

-8-

Case No. 1:10-CV-02899
Gwin, J.

service in a foreign country."); *Electroweb Media, Inc. v. Mycashnow.com, Inc.*, 2006 WL 2850132, at *2, *8 (E.D. Tenn. Sept. 29, 2006) (allowing an additional 120 days to accomplish service on Grenada defendant, for a total of at least 362 days); *Sang Young Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 479-80 (S.D. Tex. 1995) (allowing at least 240 days for service in Norway and indicating a longer period may be proper); *see also* Practical Information, Hong Kong, *available at* http://www.hcch.net/index_en.php?act=authorities.details&aid=393 (stating that the normal time for international service is approximately two months after receipt of complaint by the Hong Kong Central Authority). Thus, under Rule 15(c)(1)(C)(ii), Defendant Simatelex had sufficient actual knowledge that it should have been named as a defendant within the applicable time period. Therefore, the Court rejects the Defendant's argument and finds that the claims asserted against Simatelex properly relate back to the filing of the original complaint.

*II.B Abrogation of the Common Law Negligent Design Claim*

Defendant Simatelex also moves to dismiss the Plaintiffs' common law negligence claim (Count 4) because it has been abrogated by the Ohio Products Liability Act ("OPLA"). [Doc. 20 at 6-8.] The Plaintiffs do not provide any argument opposing this request and the Court now finds that this common law cause of action has been abrogated. The OPLA is the sole cause of action under Ohio state law for "products liability" claims. A "products liability" claim is any cause of action "that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury, emotional distress, or physical damage to property . . . that allegedly arose from . . . [t]he design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product . . . [or] [a]ny warning or instruction, or lack of warning or instruction, associated with that product . . ." O.R.C. § 2307.71(A)(13). Falling squarely within the claims that are

Case No. 1:10-CV-02899
Gwin, J.

abrogated are those alleging common law negligence related to a product. *See Tompkin v. Amer. Brands*, 219 F.3d 566, 575 (6th Cir. 2000) (holding that common law negligence claims have been preempted by the OPLA); *Coffey v. Smith & Wesson, Corp.*, 2011 WL 94617, at *2-3 (N.D. Ohio Jan. 11, 2011) (finding similar claims are abrogated); *Stratford v. SmithKline Beecham Corp.*, 2008 WL 2491965, at *3-*6 (S.D. Ohio Jun. 17, 2008). Because here the Plaintiffs allege negligent manufacture, design, testing, sale, and failure to warn due to an injury caused by a product – prototypical products liability claims – the Court **GRANTS** the motion to dismiss the common law negligence claim.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Simatelex's motion to dismiss and dismisses the common law negligence claim (Count 4) against Simatelex. The motion to dismiss is denied in all other respects.

IT IS SO ORDERED.

Dated: July 15, 2011                    s/    *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE