UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ERIE INDEMNITY COMPANY, *et al.* :
: CASE NO. 1:10-cv-2899
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 53]
KEURIG, INCORPORATED, *et al.*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this products liability case, Defendant Simatelex moves the Court to stay proceedings while it seeks appellate review of the Court's Order denying its motion to dismiss. Because the Order is not a final order susceptible to immediate appeal, and because there is no proper reason to dissemble this case for piecemeal review, the Court **DENIES** the Defendant's Motion.

**I. Background**

The Plaintiffs initially filed suit on December 22, 2010 against Defendant Keurig, saying that a Keurig B50 coffee maker caused a house fire. [Doc. 1.] Further investigation indicated that Simatalex, a Hong Kong company, was a manufacturing partner in Keurig's production of the appliance, [Doc. 40-1, at 2], and on March 1, 2011, the Plaintiffs filed an amended complaint adding Simatelex as a defendant. [Doc. 8.] Defendant Simatelex moved to dismiss the amended complaint on May 31, 2011, saying that all products claims against Simatelex were barred by the applicable

-1-

Case No. 10-CV-2899
Gwin, J.

two-year statute of limitations, which expired after the suit was initially filed but before Simatalex was added as a defendant. [Doc. 20.]

On July 14, 2011, the Court issued an Order denying in part Defendant Simatalex's motion to dismiss. [Doc. 43.] The Court dismissed a count of common law negligence, but denied the Defendant's motion to dismiss the remaining strict liability claims, because those claims related back to the original complaint for the purposes of Rule 15(c). *Id*. On August 10, 2011, Defendant Simatelex filed a notice of appeal to the Sixth Circuit from the partial denial of its motion to dismiss, [Doc. 51], and filed the instant motion to stay on August 17, 2011, saying that the notice of appeal deprived this Court of jurisdiction. [Doc. 53.]

On August 23, 2011, the Clerk of the Sixth Circuit Court of Appeals filed an Order instructing the would-be appellant to demonstrate the basis, "if any," for the Sixth Circuit's jurisdiction. [Doc. 59-1.]

**II. Analysis**

*A. The Premature Notice of Appeal*

Defendant Simatelex says that its notice of appeal divests this Court of jurisdiction. This argument fails because the Court's Order denying Simatelex's motion to dismiss is not a final appealable order.

Under 28 U.S.C. § 1291, a court of appeals reviews only "final decisions" of the district court. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006) ("[T]he final judgment rule prevents 'piecemeal appeals,' the allowance of which can undermine the independence of the district judge, obstruct the resolution of just claims by means of

Case No. 10-CV-2899
Gwin, J.

harassment and cost, or generally prevent efficient judicial administration."); *United States v. Mandycz*, 351 F.3d 222, 224 (6th Cir. 2004).

Simatelex makes no serious argument that the Order denying its motion to dismiss is final and appealable under 28 US.C. § 1291, likely because the enterprise would be fruitless. The Order neither terminates all parties nor disposes of all issues in the case, *Budinich v. Becton Dickenson & Co.*, 486 U.S. 196, 199 (1988), hallmarks without which an order is not generally appealable. *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009). "Ordinarily, appellate jurisdiction is lacking to hear an appeal from an order denying a Rule 12(b)(6) motion to dismiss since such an order is interlocutory in nature." *Mich. Bell Tel. v. Climax Tel.*, 202 F.3d 862, 866 (6th Cir. 1999).

Bafflingly, Simatelex simply asserts that the Sixth Circuit has already accepted jurisdiction of the appeal, apparently under the impression that by docketing the putative appeal, the Clerk of Court for the Sixth Circuit has rendered judgment on this Court's continuing jurisdiction. [Doc. 58.] Simatelex significantly misrepresents the Clerk's Order, which deems appellate jurisdiction inadequately established and orders Simatelex to demonstrate "the basis, if any, for [the Sixth Circuit's] jurisdiction." [Doc. 59-1.] Merely docketing the appeal and ordering Simatelex to show cause neither divests this Court of jurisdiction nor creates any proper basis for a stay pending the Sixth Circuit's potential review of a non-final judgment. *See* 28 U.S.C. § 1292(b) (application for appeal "shall not stay proceedings in the district court" without express order). Because the Order denying Simatelex's motion to dismiss is not a final decision within the meaning of 28 U.S.C. § 1291, the Court is not divested of jurisdiction by Simatelex's premature appeal. *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981) ("a notice of appeal from a plainly nonappealable order may properly be ignored by the district court.").

Case No. 10-CV-2899
Gwin, J.

By reference to *Cohen v. Beneficial Indus. Corp.*, 337 U.S. 541 (1941), Simatelex may charitably be understood to suggest that the Court's Order falls within that "small class" of exceptions to the final judgment rule that may be appealed under the collateral order doctrine. [Doc. 53 at 3.] To avail itself of this exception, Simatelex must establish that the Order is effectively unreviewable on appeal. *Mandycz*, 351 F.3d at 224 (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995). This it cannot do. The Order finding that Plaintiffs' claims against Simatelex are not time-barred is fully reviewable following final judgment. *Turi v. Main St. Adoption Servs.*, 633 F.3d 496, 502 (6th Cir. 2011) ( collateral order doctrine does not apply where jurisdictional question can be addressed on appeal). And Simatelex's argument that it should be spared the expense of further proceedings is entirely unavailing. Only where a party can assert an affirmative right to immunity from suit does that party's continuing exposure to litigation provide a partial basis for appellate review. *Mandycz*, 351 F.3d at 224. "That a ruling 'may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed [to justify immediate appeal of a collateral ruling].'" *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (quoting *Digital Equipment Corp v. Desktop Direct, Inc.*, 511 U.S. 863, 872 (1994)). In any event, "it is well-settled in this circuit that an order denying a motion to dismiss on statute of limitations grounds is not immediately appealable pursuant to the collateral order doctrine." *Mandycz*, 351 F.3d at 225.

B. *The Application for a Stay*

In the alternative, Defendant Simatelex moves this Court for a permissive stay of proceedings pending appellate review of the Court's Order. [Doc. 53 at 5.] Simatelex moves under Rule 8(a) of the Federal Rules of Appellate Procedure, which provides that a party must first move for a stay

-4-

Case No. 10-CV-2899
Gwin, J.

pending appeal in the district court. [Doc. 53 at 5.] Though litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978), district courts may grant parties leave to take interlocutory appeals in "exceptional cases," *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted), and may order stays pending appeal. 28 U.S.C. § 1292(b).

Defendant Simatelex fails to demonstrate exceptional circumstances that would warrant interlocutory appeal, arguing only that a stay is warranted under the standards most commonly used to evaluate stays of injunctive orders sought pursuant to Rule 8.[1] Even under those standards, Simatelex's motion fails because Simatelex cannot establish any "irreparable injury." "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Mich. Coal. of Radioactive Material Users v. Greipentrog*, 945 F.2d 150, 154 (6th Cir. 1991). The absence of any cognizable "irreparable injury" vitiates what little weight can be afforded the first factor, because the likelihood of success on the merits is afforded weight "inversely proportional" to the degree of irreparable harm. *Id.* at 153. The final two factors militate against Simatelex, because other parties would be harmed (the Plaintiffs would be put to extra expense and a merits adjudication of their claim would be delayed), and the public's interest in the efficient administration of justice would be frustrated by a stay pending Simatelex's pursuit of an unwarranted, piecemeal appeal.

---

[1] Simatelex cites *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001), *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006), and *State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). All of these cases concern the standard for stays of injunctive orders, derived from the traditional four-factor test concerning the initial grant of injunctive relief itself. *Mich. Coal. of Radioactive Material Users v. Greipentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Case No. 10-CV-2899
Gwin, J.

Simatelex's motion to stay, however, misses a step. Appellate courts exercise automatic jurisdiction over injunctive orders, 28 U.S.C. § 1292(a), permitting a party seeking review of an injunction to move directly for a stay. However, an order that is neither final under § 1291 nor an "otherwise appealable" injunction under § 1292(a) can only be immediately appealed if a district court certifies that it meets standard for permissive review set forth in § 1292(b). Even a properly made application for permissive review "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

Simatelex has made no attempt to show that the Court's Order warrants immediate appellate review under § 1292(b), and fails to carry its burden. *In re City of Memphis*, 293 F.3d at 350. The Court has neither been moved nor is of the opinion that its denial of Simatelex's motion to dismiss warrants immediate appeal under the § 1292(b) factors, and has not, as that section requires, certified the order for immediate appeal in writing. Congress "chose to confer on district courts first line discretion to allow interlocutory appeals," *Swint*, 514 U.S. at 47, and "there has been no § 1292(b) certification in the present case." *Turi v. Main Street Adoption Servs.*, 644 F.3d 496, 504 (6th Cir. 2011). Accordingly, any request Simatelex makes for a stay is moot. 28 U.S.C. § 1292(b) (an application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."); *Genesis Ins. Co. v. Alfi*, No. 2:05-CV-401, 2007 WL 928664 (S.D. Ohio Mar. 27, 2007) (request to stay proceedings rendered moot where order did not warrant review under § 1292(b)).

### III. Conclusion

Defendant Simatelex's premature Notice of Appeal does not deprive the Court of jurisdiction. The Court neither certifies its Order for immediate appeal under 28 U.S.C. § 1292(b) nor finds any

Case No. 10-CV-2899
Gwin, J.

proper basis to stay proceedings in this case, and therefore **DENIES** the Defendant's motion.

    IT IS SO ORDERED.


Dated: September 19, 2011            s/    *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE