UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ERIE INDEMNITY COMPANY, et al.    :
:   CASE NO. 1:10-CV-02899
Plaintiffs,    :
:
vs.    :   OPINION & ORDER
:   [Resolving Docs. No. 60, 77, 79, 84]
KEURIG, INC., et al.    :
:
Defendant.    :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this products liability case, Defendant Simatelex moves for summary judgment, saying that claims against it should be dismissed for want of personal jurisdiction. [Doc. 60.] The Plaintiffs, Erie Indemnity Company and Milton and Victoria Burns, oppose the motion, saying that Defendant Simatelex has waived any challenge to personal jurisdiction by failing to raise the issue in pre-answer filings, and that the exercise of personal jurisdiction is proper under Ohio's long-arm statute. [Doc. 75.]

**I. Background**

This case arises against the backdrop of a house fire, that the Plaintiff homeowners and their residential liability insurer say was caused by a Keurig B50 coffee maker. [Doc. 1.] The Plaintiffs brought products liability claims against Defendant Keurig in a complaint filed on December 22, 2010. *Id*. Further investigation revealed that Simatalex, a Hong Kong company, was responsible

Case No. 1:10-CV-2899
Gwin, J.

for manufacturing the appliance, [Doc. 40-1, at 2], and on March 1, 2011, the Plaintiffs filed an amended complaint adding Simatelex as a defendant. [Doc. 8.]

In part, the Plaintiffs say Simatelex waived any challenge to personal jurisdiction by failing to raise the issue. The First Amended Complaint was served on Defendant Simatelex in Hong Kong on April 28, 2011. [Doc. 25.] On May 18, 2011, Simatelex moved for an extension of time to respond to the complaint, [Doc. 16], and the Court granted Simatelex until June 20, 2011. [Doc. 17.] Before filing its Answer, Simatelex filed a Corporate Disclosure Statement, [Doc. 18], joined a motion for a protective order filed jointly by all parties, [Doc. 19], and filed its own Motion to Dismiss under Rule 12(b)(6) on May 31, 2011. [Doc. 20.] The only issue Simatelex raised in the Motion to Dismiss was that the Plaintiffs' claims were time-barred as against Simatelex. *Id*. In none of its pre-answer pleadings did Simatelex contest personal jurisdiction.

The first reference to the Court's personal jurisdiction came on June 20, 2011, when Simatelex filed its Answer to the First Amended Complaint. [Doc. 26.] As one of thirteen affirmative defenses, Simatelex stated that "This Court lacks personal jurisdiction over Simatelex." *Id*. at 4.

On September 1, 2011, Simatelex filed a "Motion for Summary Judgment," arguing only that the Court lacks personal jurisdiction over Simatelex, and that the Plaintiff's claims as to Simatelex must be dismissed on that basis. [Doc. 60.] The Plaintiffs moved for an extension of time to respond. [Doc. 65 at 3-4.] The Court required a response by October 7, 2011. [Doc. 68.] In opposing dismissal on personal jurisdiction grounds, the Plaintiffs argued (1) that Simatelex submitted to the jurisdiction of the Court by failing to contest personal jurisdiction in its Motion to Dismiss, waiving any later challenge; and (2) that Ohio's long-arm statute provides ample basis for

Case No. 1:10-CV-2899
Gwin, J.

the Court's jurisdiction over Simatelex. [Doc. 75.]

The parties skirmish on two ancillary matters. First, the parties dispute what evidence can be considered for the purposes of summary judgment. To support their Response, the Plaintiffs sought to append a number of exhibits. [Docs. 75-1, 75-2, 75-3.] The Plaintiffs, in turn, moved to supplement the record with excerpts from commercial insurance policies, offered to demonstrate that Simatelex actively sought to mitigate its U.S. litigation expenses. [Doc. 85.]

The second ancillary matter is a discovery dispute. The Plaintiffs move to compel responses to certain discovery requests, particularly any of Keurig's records relating to the fire and the lawsuit, complaints or inquiries into coffee maker fires, coffee maker failures, discontinuation of the B50 model at issue here, and the model's design and testing. [Doc. 77.] The Plaintiffs further move to extend the discovery deadline and continue the trial date in this case, to which no parties object. [Doc. 86.] The Court granted the motion in part on October 26, 2011, extending the parties' discovery deadline until November 7, 2011, but will not delay trial any further. [Doc. 89.]

## II. Legal Standard

Under the Federal Rules of Civil Procedure, "a defendant who wishes to raise a defense to the court's personal jurisdiction must do so when he makes his first defensive move, whether by Rule 12 motion or by a responsive pleading." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (internal quotation omitted). Rule 12(g) requires certain Rule 12 defenses, including any challenge to a court's personal jurisdiction, to be consolidated in a single motion, and "has forbidden a defendant who makes a preanswer motion under [Rule 12] from making a further motion presenting any defense which was available to him at the time he made the first motion and could have included, but did not in fact include therein." Fed. R. Civ. P. 12, Advisory Committee's Note

Case No. 1:10-CV-2899
Gwin, J.

of 1966 to amended Rule 12(g). Rule 12(h)(1)(A), in turn, requires that any challenge to personal jurisdiction must be raised in the same motion as any other available Rule 12 defenses or be waived.

### III. Analysis

Because Simatelex's first significant defensive move in this case was a pre-answer motion under Rule 12(b)(6), a motion that said only that all claims against Simatelex were barred by the relevant statute of limitations, [Doc. 20], the Court finds that Simatelex waived any challenge to the Court's personal jurisdiction.

Simatelex says that it properly preserved its personal jurisdiction defense in its Answer, "as allowed by the Rules." [Doc. 80 at 11.] The Rules allow no such thing. Rule 12(h) was amended in 1966 to remove any confusion on this point.

> The question has arisen whether an omitted defense which cannot be made the basis of a second motion may nevertheless be pleaded in the answer. . . . Amended subdivision h(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived.

Fed. R. Civ. P. 12, Advisory Committee's Note of 1966 to amended Rule 12(h) ("The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process"). "Case law is unanimous in holding, both before and after the enactment of the present court rule, that where a defendant files a pre-answer motion to dismiss or an answer, without raising the defense of a lack of in personam jurisdiction, he waives any objection to that defect." *Rauch*, 576 F.2d at 701. "It is now settled that any time a defendant makes a pre-answer Rule 12 motion, he or she must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b). Not only is the defendant prevented from making it the subject of a second preliminary motion, but . . . the defendant may not even assert

-4-

Case No. 1:10-CV-2899
Gwin, J.

the defense in the answer." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1391 (3d ed. 2004).

Simatelex waived its challenge to the Court's *in personam* jurisdiction by failing to raise the issue in its Motion to Dismiss. If Simatelex had raised the issue, however summarily, or had filed the Motion concurrently with its answer, *see* Gould v. Mitsui Mining & Smelting Co., No. C85-3199, 1990 WL 103155, at *3 (N.D. Ohio June 29, 1990), it might not have waived its challenge to personal jurisdiction under Rule 12(h)(1)(A). By filing its Motion to Dismiss without preserving any of the defenses that the Federal Rules of Civil Procedure insist must be consolidated in a pre-answer Rule 12 motion, however, Simatelex has itself rendered inquiry into its intentions in defending the suit superfluous.[1] Rule 12(h)(1)(A) provides that a challenge to personal jurisdiction is waived where if is not raised in a motion described in Rule 12(g)(2), which insists that a party must include any challenge to personal jurisdiction in a Rule 12 motion. "Together, Rules 12(g) and 12(h) provide that Rule 12(b) defenses must be raised, if they are ever to be raised, in the first motion filed, or, if there is no pre-answer motion, in the answer."

---

[1] It is not necessary to determine whether Simatelex's pre-answer conduct amounts to "legal submission to the jurisdiction of the court" and waiver of any challenge to personal jurisdiction. *Gerber v. Riordan*, 649 F.3d 514, 519. If it were, however, the Court might very well find that Simatelex's pre-answer exertions evinced an intent to defend the case on the merits, or required the Court to go to unnecessary effort were personal jurisdiction ultimately found lacking. In addition to joining a motion for a protective order on May 26, 2011, [Doc. 19], which motion the Court denied on June 1, 2011, [Doc. 21], Simatelex moved for an extension of time to file its Answer, [Doc. 16], filed a corporate disclosure statement, [Doc. 18], entered an additional appearance by counsel on June 1, 2011, and has vigorously prosecuted its Motion to Dismiss, which this Court denied in part on July 14, 2011. [Doc. 43.] Not only have these proceedings featured potentially dispositive motions, discovery disputes, repeated motions to expand deadlines, and applications for continuances, but Simatelex has attempted to stay these proceedings by misconstruing a docketing statement issued by the Clerk of the Sixth Circuit Court of Appeals expressing doubt as to the Sixth Circuit's jurisdiction over an interlocutory appeal as a jurisdictional vehicle itself. [Doc. 69 at 3.] If the original purpose of Rule 12 was to "prevent dilatory motion practice," 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1384 (3d ed. 2004), or "eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions," *Rauch*, 576 F.2d at 701, the Rule's motion-consolidation and waiver provisions could find little more appropriate application than in the present controversy.

Case No. 1:10-CV-2899
Gwin, J.

*Gould*, 1990 WL 103155, at *3.

A party's responsibility for pre-answer consolidation of certain Rule 12(b) defenses, including challenges to a court's personal jurisdiction, is absolute. "Since the language of the subdivisions is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver." Fed. R. Civ. P. 12 (Advisory Committee's Note of 1966 to amended Rule 12(h)). "Indeed, the only persons to whom Rule 12(g) presents a hazard are motion-minded lawyers who, from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1384 (3d ed. 2004). By filing a pre-answer Motion to Dismiss under Rule 12(b)(6) without disputing therein the Court's personal jurisdiction, Simatelex waived the issue and can neither revive it nor prevail.[2]

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Simatelex's Motion for Summary Judgment. Accordingly, the Court **DENIES** as moot Simatelex's motion to strike exhibits and the Plaintiffs' Motion to Supplement the Record. Having denied in part the Defendant's motion to continue the trial date and extended the discovery period to November 27, 2011, [Doc. 89], the Court **GRANTS** in part the Plaintiffs' Motion to Compel Discovery and orders the production of

---

[2] The parties do not contest, and the Court does not see any reason to raise, the fact that Simatelex's attempt to avoid the consolidation requirements of Rule 12(g) is styled a "motion for summary judgment." The only issue presented for judgment is an issue waived absolutely by Simatelex in its Motion to Dismiss, and the Court will not invent a formalistic curative device through which parties could abrogate their responsibilities to consolidate Rule 12(b) defenses. To do so would wholly undermine the function of Rule 12 generally and Rules 12(g) and 12(h) particularly, and the Court might just as easily have construed the Motion for Summary Judgment as another motion to dismiss, precluded by Rule 12(g). *See Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993) (affirming as "accurate" district court's construal of a defendant's motion for summary judgment as a precluded motion to dismiss where it raised a Rule 12 defense after an earlier, unconsolidated Rule 12(b) motion).

Case No. 1:10-CV-2899
Gwin, J.

responses sought therein no later than the amended discovery cut-off date, November 7, 2011.

      IT IS SO ORDERED.


Dated: October 31, 2011            s/     *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE